883 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Olin COX, Defendant-Appellant.
 No. 88-5205.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 19, 1989.
Decided Aug. 8, 1989.
 
 James Robert Cromwell, Wilson, Vogel & Creasy, on brief for appellant.
 John P. Alderman, United States Attorney, Jerry W. Kilgore, Assistant United States Attorney, on brief for appellee.
 Before HARRISON L. WINTER, WIDENER, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Olin Cox was convicted of violating 18 U.S.C. Sec. 922(g) by possessing four live and one spent rounds of ammunition which were found in an antique gun. He appeals, contending (a) that the ammunition was obtained as the result of an impermissible warrantless search and seizure, and (b) that possession of the ammunition was not unlawful when it was found loaded in an antique firearm, the possession of which was not unlawful.
 
 
 2
 We are not persuaded. We affirm.
 
 I.
 
 3
 Cox was arrested on a charge of larceny while he was at his place of employment, the Rural Retreat Stone Company, near the town of Rural Retreat, Virginia. His automobile was parked on his employer's property. Cox was transported to the county jail in Wytheville, Virginia, some twelve miles from the place of his arrest. Approximately two hours later, Lieutenant Stallard of the Wythe County Sheriff's Office, requested Robert Lewis, Chief of Police of Rural Retreat, to have Cox's car impounded and brought to the Wythe County Jail. At the time of the request, Lewis was seeking the issuance of a search warrant to search the automobile.
 
 
 4
 Acting on the request and before the search warrant was issued, Lewis went to Cox's place of employment where Cox's employer informed him that the employer did not wish the automobile to remain on the premises. Lewis arranged for a towing company to move the car, but before it was moved he conducted an inventory search of the vehicle in the course of which he discovered the loaded antique firearm. The search warrant had not been issued at the time of the inventory search.
 
 II.
 
 5
 We think that the district court correctly determined that the search of Cox's vehicle leading to the discovery of the firearm by Lewis and its subsequent seizure were valid as an inventory search exception to the warrant requirement of the Fourth Amendment. Although Stallard who requested that the vehicle be impounded was in the process of obtaining a warrant to search it, the district court found that the gun was uncovered as a result of an inventory search conducted as a matter of policy to protect the police from spurious claims of loss of personal property when a vehicle is impounded. The finding is not clearly erroneous.
 
 
 6
 Coupled with the finding that the search was a routine inventory search, the district court also found that the vehicle was lawfully in police custody since it was parked on private property, the owner of which was withholding consent to have it remain. This finding too is not clearly erroneous. Since Cox's vehicle was in lawful police custody, since it was standard police procedure to inventory a vehicle which was being impounded, and since the purpose of the search was to secure and inventory the contents of the vehicle and not to gather incriminating evidence against the owner, it follows that the inventory search and the subsequent seizure of the firearm were valid without the necessity of a warrant. See South Dakota v. Opperman, 428 U.S. 364 (1976); United States v. Brown, 787 F.2d 929 (4 Cir.1986); Cabbler v. Superintendent, Virginia Penitentiary, 528 F.2d 1143 (4 Cir.1975), cert. denied, 429, 817 (1976).
 
 III.
 
 7
 The statute under which Cox was convicted renders it unlawful for any person who has been convicted of a crime punishable by a term exceeding one year:
 
 
 8
 to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. (emphasis supplied)
 
 
 9
 18 U.S.C. Sec. 922(g). It is undisputed that Cox had previous convictions rendering the statute applicable to him.
 
 
 10
 We reject the argument that possession of the ammunition alone is insufficient to constitute a violation when the ammunition is loaded in an antique firearm. The proscription of the statute is in the disjunctive. It follows that possession of ammunition alone is sufficient to constitute a violation irrespective of whether possession of the gun is also proscribed.
 
 
 11
 Because the decisional process would not be aided by oral argument, we decline to hear counsel and decide the case summarily.
 
 
 12
 AFFIRMED.